UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

LEVARD HOPKINS,

    Plaintiff,

v.

NAVIENT SOLUTIONS, INC.,

    Defendant.
_____/

FILED
8/30/2016
CLERK, U. S. DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE, FLORIDA

3:16cv1104-J-32MCR

## COMPLAINT
## JURY DEMAND

1.     Plaintiff, Levard Hopkins, alleges violations of the Telephone Consumer Protection Act, 47 U.S.C §227, *et seq.* ("TCPA") and the Florida Consumer Collection Practices Act, §559 *et seq.* ("FCCPA").

### JURISDICTION AND VENUE

2.     This Court has jurisdiction under 28 U.S.C. §1331. Supplemental jurisdiction exists for the state law claim pursuant to 28 U.S.C. §1367.

3.     Venue in this District is proper because Plaintiff resides here and Defendant placed telephone calls into this District.

### PARTIES

4.     Plaintiff, Levard Hopkins (hereinafter, "Plaintiff"), is a natural person, and citizen of the State of Florida, residing in Duval County, Florida.

5.     Plaintiff is the regular user and carrier of the cellular telephone number at issue, (904) *** - 4873, and was the "called party" and recipient of Defendant's hereinafter described calls. See *Soppet v. Enhanced Recovery Co., LLC*, 670 F.3d 637, 643 (7th Cir. 2012), reh'g

1

denied (May 25, 2012); see also *Osorio v. State Farm Bank, F.S.B.*, 746 F.3d 1242 (11th Cir. 2014).

6. Plaintiff is a "consumer" as defined by Florida Statute §559.55(8).

7. The debt that is the subject matter of this complaint is a "consumer debt" as defined by Florida Statute §559.55(6).

8. Defendant, Navient Solutions, Inc. (hereinafter "Defendant"), is a Delaware corporation with its principle place of business located at 2001 Edmund Halley Dr., Reston, VA 20191-3436.

9. Defendant is registered with the Florida Department of State Division of Corporations as a foreign corporation. Defendant's registered agent for service of process is Corporation Service Company, 1201 Hays Street, Tallahassee, FL 32301.

10. Defendant is a "creditor" and/or "person" as defined by Florida Statute §559.55.

## FACTUAL ALLEGATIONS SPECIFIC TO PLAINTIFF

11. Defendant attempted to collect an alleged debt arising from transactions primarily incurred for personal, family or household purposes from Plaintiff. Specifically, Defendant attempted to collect an alleged debt from Plaintiff concerning a student loan.

12. As described herein, Defendant intentionally harassed and abused Plaintiff on numerous occasions by calling Plaintiffs' cellular telephone several times per day and on back-to-back days, with such frequency as can reasonably be expected to harass, in an effort to collect an alleged consumer debt.

13. At all times relevant to this action, Plaintiff received between two to five calls per day to his cellular telephone from Defendant in an effort to collect the alleged debt at issue.

14. Upon answering many of these calls, Plaintiff was greeted either by an automated machine-operated voice message or a noticeable period of "dead air" while the caller's telephone system attempted to connect to a live telephone employee.

15. Defendant's method of contacting Plaintiff is indicative of its ability to dial numbers without any human intervention, which the FCC has opined is the hallmark of an automatic telephone dialing system. See *In the Matter of Rules & Regulations Implementing the Telephone Consumer Protection Act of 2008*, 23 F.C.C.R. 559, 565-66 (2008); see also *In the Matter of Rules & Regulations Implementing the Telephone Consumer Protection Act of 1991*, 18 F.C.C.R. 14014, 14091-92 (2003).

16. In early 2016, Plaintiff informed the agent/representative of Defendant that they were calling his cellular phone and demanded that Defendant cease placing calls to his aforementioned cellular telephone number.

17. During the 2016 conversation with Defendant's agent/representative, Plaintiff unequivocally revoked any express consent Defendant may have had for placement of telephone calls to Plaintiff's cellular telephone number by the use of an automatic telephone dialing system or a pre-recorded or artificial voice.

18. Each and every call subsequent to the early 2016 conversation that Defendant made to the Plaintiff's cellular telephone number was done so without the "express consent" of the Plaintiff.

19. Each and every call subsequent to the early 2016 conversation that Defendant made to the Plaintiff's cellular telephone number was knowing and willful.

20. Despite actual knowledge of their wrongdoing, Defendant continued the campaign of abuse, calling the Plaintiff despite Plaintiff having revoked any express consent Defendant may have had to call his cellular telephone number.

21. Plaintiff's damages were caused by and directly related to Defendant's attempts to collect a debt by using an automatic telephone dialing system or predictive dialer to call Plaintiff's cellular telephone.

22. From each and every call placed without express consent by Defendant to Plaintiff's cell phone, Plaintiff suffered the injury of invasion of privacy and the intrusion upon his right of seclusion.

23. From each and every call without express consent placed by Defendant to Plaintiff's cell phone, Plaintiff suffered the injury of the occupation of his cellular telephone line and cellular phone by unwelcome calls, making the phone unavailable for legitimate callers or outgoing calls while the phone was ringing from Defendant's call.

24. From each and every call placed without express consent by Defendant to Plaintiff's cell phone, Plaintiff suffered the injury of unnecessary expenditure of his time. Plaintiff had to waste his time dealing with missed call notifications and call logs that reflect the unwanted calls. This also impaired the usefulness of these features of Plaintiff's cellular phone, which are designed to inform the user of important missed communications.

25. Each and every call placed without express consent by Defendant to Plaintiff's cell phone was an injury in the form of a nuisance and annoyance to the Plaintiff. For calls that were answered, Plaintiff had to go to the unnecessary trouble of answering them. For unanswered calls, Plaintiff had to deal with missed call notifications and call logs that reflected the unwanted calls.

26. Each and every call placed without express consent by Defendant to Plaintiff's cell phone resulted in the injury of unnecessary expenditure of Plaintiff's cell phone's battery power.

27. Each and every call placed without express consent by Defendant to Plaintiff's cell phone resulted in the injury of a trespass to Plaintiff's chattel, namely his cellular phone and her cellular phone services.

28. As a result of the calls described above, Plaintiff suffered an invasion of privacy. Plaintiff was also affect in a personal and individualized way by stress, anxiety, nervousness, embarrassment, distress and aggravation.

29. Defendant's corporate policy is structured so as to continue to call individuals like Plaintiff, despite these individuals explaining to Defendant they do not wish to be called.

30. Defendant's corporate policy provided no means for Plaintiff to have Plaintiff's number removed from Defendant's call list.

31. Defendant has numerous complaints against it across the country asserting that its automatic telephone dialing system continues to call despite being requested to stop.

32. None of Defendant's telephone calls placed to Plaintiff were for "emergency purposes" as specified in 47 U.S.C. §227(b)(1)(a).

33. Defendant willfully or knowingly violated the TCPA.

## COUNT I
## VIOLATIONS OF THE FLORIDA CONSUMER COLLECTION PRACTICES ACT

34. Plaintiff incorporates Paragraphs 1 through 33 herein.

35. At all times relevant to this action, Defendant is subject to and must abide by the law of Florida, including §559.72, Florida Statutes.

36. Defendant engaged in an act or omission prohibited under §559.72(7), Florida

Statutes, by willfully engaging in conduct, which can reasonably be expected to harass or abuse the Plaintiff. Specifically, Defendant called Plaintiff several times a day and on back-to-back days in an effort to collect a consumer debt.

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and against Defendant for:

a) Statutory Damages;

b) Actual Damages;

c) Punitive Damages;

d) Attorney's fees, litigation expenses and costs of suit; and

e) Such other or further relief as the Court deems proper.

## COUNT II
## VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT

37. Plaintiff incorporates Paragraphs 1 through 33 herein.

38. Defendant willfully violated the TCPA with respect to Plaintiff, specifically for each of the auto-dialer calls made to Plaintiff's cellular telephone after Plaintiff notified Defendant that Plaintiff did not wish to receive any telephone communication from Defendant, and demanded for the calls to stop.

39. Defendant repeatedly placed non-emergency telephone calls to Plaintiff's cellular telephone using an automatic telephone dialing system or prerecorded or artificial voice without Plaintiff's prior express consent in violation of federal law, including 47 U.S.C § 227(b)(1)(A)(iii).

40. Defendant violated the TCPA with respect to telephone calls made to Plaintiff's cellular telephone with an automatic dialing system without consent.

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and against Defendant for:

a) $500.00 dollars in statutory damages for each violation of the TCPA over the last four years;

b) $1,500.00 dollars in statutory damages for each knowing or willful violation of the TCPA over the last four years;

c) a declaration that Defendant's calls violate the TCPA;

d) a permanent injunction prohibiting Defendant from placing non-emergency calls to the cellular telephone of Plaintiff using an automatic telephone dialing system or pre- recorded or artificial voice;

e) litigation expenses and costs of the instant lawsuit; and

f) such further relief as this Court may deem appropriate.

### JURY DEMAND

Plaintiff demands trial by jury.

Respectfully submitted,

By: /s/ *Christopher Legg*
Christopher Legg, Esq.
Florida Bar No. 44460

BUCHWALD LEGG, PLLC
3837 Hollywood Blvd., Ste. B
Hollywood, FL 33021
Telephone: 954-962-2333
Chris@theconsumerlawyers.com

*Attorney for Plaintiff*